NEW JERSEY MISCELLANEOUS REPORTS. 881

N. J. Dept. Labor—Smith v. R. Hoe & Co.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WALTER W. SMITH, PETITIONER, v. R. HOE & COMPANY, INCORPORATED (DESIGNATED IN PETITION AS R. HOE PRINTING PRESS COMPANY), RESPONDENT.

**Petitioner Claims Injury to Back as Result of Lifting Heavy Load —Little Testimony to Show the Lifting was Cause of Injury, and Some Testimony to Show That Petitioner Had Had a Previous Injury to Back Caused by Slipping on a Sidewalk— Case Not Established.**

On petition for compensation. On determination and rule for judgment of dismissal.

A petition having been filed and served in the above entitled cause, praying for compensation under the provisions of chapter 95, laws of 1911 (and supplements and amendments thereto), known as the Workmen's Compensation act, and an answer having been filed by the said respondent, and the cause having been set down for hearing on February 2d, 1926, before W. E. Stubbs, deputy commissioner of the workmen's compensation bureau, on which date the parties appeared, the claimant represented by Charles Becker, Esq., as attorney, and the respondent by Clarence B. Tippett, Esq., its attorney; and testimony having been offered on behalf of the parties hereto;

I do find and determine from the evidence as follows:

The petitioner claimed that on February 8th, 1926, he was lifting a heavy steel box or cope loaded with sand, and hurt his back; that he called to a co-worker named Skapik to take the cope from him, claiming his back hurt him, and that Skapik did take the cope and put it down; he finished that day's work, was off the 9th and the 10th, returned and worked the 11th, 12th, 13th, 15th and 16th, and had not worked since. He testified to having gone to Dr. Lufburrow on February 17th, who treated him for about six weeks; then

he left and went to a Dr. Platt, who treated him from March 24th to June 11th. He testified at considerable length on the nature of his work, the nature of his treatments by the doctors, and, in substance, claimed that they treated him for conditions which were the result of his alleged accident. There were X-rays taken of his back. He was later under treatment by Dr. Shapiro and by Dr. Cahill. He contended he had told Dr. Lufburrow of his alleged accident but did not tell Dr. Platt until about April 28th. Respondent's counsel cross-examined the witness at some length on the direct testimony, all of which testimony I have duly considered.

Dr. Lufburrow testified first seeing Smith on February 17th, with a claim of pain in his back, queer pains in his limbs and all over his body. He examined him very thoroughly—heart, lungs, blood pressure, and concluded he had a neuritis. At no time did he show any evidence of injury to his body at all. His teeth were found to be in bad condition. The doctor denied that he had ever received a history of injury or claim of injury from the patient during the time he treated him; that no complaints were referable to any injury.

Dr. Platt also was called as a witness by petitioner. He had obtained a history of pains in back, legs, arms—an indefinite train of symptoms without stress or complaint of any particular location. It was not until April 28th that he received the first history of an act of lifting a cope, at which time the patient claimed he felt a kink in his back. It was the doctor's opinion, on cross-examination, that the conditions were not the result of the alleged claim of accident.

The witness, Skapik, called by the petitioner, recalled an instance early in February, on or about February 8th, 1926, when he took a cope from Mr. Smith, who said his back hurt him when he lifted it and did not want to drop it. On further questioning, this witness emphatically stated that a day or two before this occurrence of February 8th, Mr. Smith told him that the evening before he had slipped while walking on the street, kinking his back, and it had hurt him ever since. This witness also testified that he had told Mr. Smith

he could not testify in his favor regarding an accident on February 8th, but that it did occur a day or two before.

Dr. Shapiro also testified, and I have given consideration to his testimony, he having seen the petitioner about July 19th and had him under observation and treatments until about December 15th following.

The respondent produced for testimony the nurse at the plant and also the personal director of the company

I have considered all of the testimony which was presented in this case, the nature of the work done by the claimant, his testimony and that of his witnesses produced, and I am induced to the conclusion that the evidence in this case is insufficient upon which to base an award. The burden of proof rests with the petitioner to show not alone the occurrence of an accident or injury, but that it arose out of and the course of his employment with his employer. There is no corroborative proof that an act of lifting was the proximate cause of his alleged pain or kink in the back. There is proof by his own witness of an occurrence which happened a day or two before, which tends to refute any real traumatic injury occurrence as happening to the claimant on February 8th, 1920. This testimony of the witness Skapik is unrefuted in the record. I am, therefore, induced to the conclusion that the claimant has failed to sustain the burden cast upon him of proving that an accidental injury was sustained on February 8th within the reasonable contemplation of the Workmen's Compensation statute.

The most that can be said regarding the described occurrence of February 8th is that it is a mere incident, and the act of lifting and feeling a pain on February 8th was primarily directing attention to the conditions which seemed to have been called into being by the event two nights before, which clearly was not in the course of his employment. The employer is only to be charged with liability for the conditions the result of injury arising out of and in the course of the employment.

The medical evidence produced does not incline to support, but, to the contrary, tends to refute a causal connection between the accident and injury claimed.

The petitioner would have us believe that he went to Dr. Platt for the express purpose of having his treat his back, on account of injury to it, as the result of an accident. It is inconceivable that a person would do this and then not tell the doctor why he was there. Dr. Platt's testimony, corroborated by the petitioner, shows that he did not explain about an accident until the doctor had been treating him for approximately five weeks. It is also significant that the petitioner did not at any time make any application to his employers for medical service, although he claims to have reported the occurrence. There is no corroborative evidence of this contention which is denied by the respondent.

My conclusion, therefore, is that the petitioner has failed to sustain the burden of proof required in order to justify an award in this case.

It is therefore, on this 2d day of April, 1927, ordered that judgment enter in favor of the respondent and against the petitioner, and that the petiion herein be dismissed.

W. E. STUBBS,
*Deputy Commissioner.*